STATE OF MINNESOTA *ex rel.* HENRY W. CHILDS, Atty. Gen., *vs.* PARK
& NELSON LUMBER Co.

Argued June 20, 1894.   Decided July 23, 1894.

No. 8623.

**Corporate charter annulled for not keeping its office in this state.**

Under the provisions of 1878 G. S. ch. 34, § 126, it is incumbent upon a
private corporation organized under the laws of this state to have its
place of business, and to keep its books therein, to an extent necessary to
the fullest jurisdiction and visitorial power of the state and its courts.
There must be a substantial compliance with the statute, and if there is
not the charter may be vacated, and the corporate existence annulled.

**Facts found on the evidence taken.**

*Held,* in the case at bar, that for three years past the statute has been de-
liberately evaded and violated by respondent corporation.

On an information filed in this court December 15, 1893, by the
Attorney General, a writ of *Quo Warranto* was on his motion issued
that day to the Park & Nelson Lumber Company, a corporation
created under 1878 G. S. ch. 34, Title 2, commanding it to show cause
before this court April 5, 1894, why it should not be dissolved and
adjudged to have forfeited its franchise and why a receiver of its
property should not be appointed.   The writ was served and it ap-
peared and made answer denying a portion of the material allega-
tions of the information and writ.   Thereupon a referee was ap-
pointed who took the evidence offered by the parties and made report
and filed a transcript of the evidence taken and on June 1, the mat-
ter was set for hearing on June 20, 1894.   The facts constituting
cause for forfeiture of respondent's charter are stated in the opinion.
The discussion of counsel was upon the evidence, whether or not it
showed that the secretary and treasurer of the corporation resided
and had their place of business and kept the corporate books con-
taining its accounts within this state.   1878 G. S. ch. 34, §§ 126, 134.

*H. W. Childs,* Attorney General, *Albert Johnson,* and *J. C. Michael,*
for relator.

*Frank M. Wilson,* and *Clapp & McCartney,* for respondent.

COLLINS, J.   This is a proceeding by information in the nature of *quo warranto*, filed by the Attorney General, to annul the respondent's corporate existence, and to have its rights, powers, privileges, and franchises adjudged and declared forfeited.   Many of the acts referred to in the information, and concerning which testimony was taken, affect stockholders only, and with these we are not now concerned.   The sole object of these proceedings is to protect public interests; and, to warrant a forfeiture of respondent's corporate franchises for misuser, it must have been such as to threaten or to work a substantial injury to the public.

It is shown by the evidence that, although incorporated under the laws of this state, the respondent's business has been that of manufacturing lumber and making boxes at Brasington, Wis.   It bought its supplies and shipped its products there.   All business correspondence was had, all collections made, and all bills paid at that point.   Prior to the month of March, 1891, an office, in which more or less business was transacted, had been maintained at Red Wing, in this state; but about that time, acting under a motion made and carried at a directors' meeting, the general manager removed that office, with all of its furniture, books, papers, stationery, and other articles, to Brasington.   The removal was so complete that, for the purpose of holding a stockholders' meeting in June, office room had to be hired.   A box in the postoffice was then rented, but no mail, except a few circulars, has been received at Red Wing, and none deposited.   Since December, 1891, respondent claims to have had an office at that place, and to have had a secretary and treasurer there. But of that hereafter.   It is claimed that no stockholders' meetings have been held since 1891, but, as we regard the case, this is of no consequence.

The person said to have been the secretary and treasurer since December, 1891, is an attorney at law residing and practicing at Red Wing. He has had nothing to do with the business management of the corporation; has kept no account or other books, except one in which is a record of a few business meetings.   He has handled none of the respondent's money, and none has been kept in this state, save a small balance, of $23, which has been in one of the Red Wing banks.   Of respondent's property, nothing has been in his possession or in its so-

called office, except a corporate seal; a stock certificate book, in which there are two certificates; two record books, in one of which are recorded the respondent's articles of incorporation and its by-laws; and a number of loose papers, consisting principally of monthly balances or statements of the corporative business, sent him by a person at Brasington, who seems to be respondent's real secretary and treasurer. While it is claimed by its counsel that from these monthly statements or balances the exact condition of its business and financial standing can be readily ascertained, as fully as if all of its account books were produced, we think the Red Wing secretary and treasurer appreciated the situation when, on being asked if these statements or balances would show the financial standing and business condition of respondent at the end of each month, he promptly replied, "Assuming them to be correct, they would."

By 1878 G. S. ch. 34, § 126, it is provided that the secretary and treasurer of every corporation organized under the laws of this state shall reside, have their place of business, and keep the books of the corporation, within its borders; and it has been held that, independently of a statute, it is incumbent upon a private corporation to keep its principal place of business, its books and records, and its principal offices, in the state in which it is incorporated, to an extent necessary to the fullest jurisdiction and visitorial power of the state and its courts, and the efficient exercise thereof in all proper cases, and that a forfeiture may be adjudged for a violation of this common-law obligation. *State ex rel* v. *Milwaukee, L. S. & W. Ry. Co.*, 45 Wis. 579.

The necessity of a substantial compliance with the provisions of section 126 is evident, and a deliberately planned attempt to evade the obligation cannot be overlooked or tolerated. After our statement of the undisputed facts of this case, words need not be wasted in demonstrating that for the past three years the stockholders and officers of respondent corporation have been engaged in evading and violating that part of the statute under which the corporation was organized, which requires that the place of business shall be, and the books kept, within this state. This is an abuse and misuser of its corporate rights, powers, privileges, and franchises which justify and demand a forfeiture thereof.

Judgment will therefore be entered vacating the charter and annulling the existence of respondent corporation.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1048.)